UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH A. HARSHEY, ARYS N. HARSHEY and DAVID N.D. HARSHEY, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ADVANCED BIONICS CORPORATION, )<br>BOSTON SCIENTIFIC )<br>NEUROMODULATION CORPORATION, )<br>BOSTON SCIENTIFIC CORPORATION, )<br>and ERIC J. DUNN, )<br>)<br>Defendants. ) | CASE NO. 1:09-cv-905-DFH-TAB |

ENTRY ON MOTION TO REMAND

Plaintiff Kenneth A. Harshey had surgery in 2007 for implantation of a pulse generator manufactured by defendants. Harshey filed this action alleging that the device has malfunctioned and has subjected him to painful and dangerous electrical shocks, causing "severe and permanent injuries." Harshey's wife has joined as a plaintiff with a claim for loss of consortium, and his son has joined with a claim for negligent infliction of emotional distress. Plaintiffs originally filed the action in state court, and defendants removed the case by invoking the court's diversity jurisdiction under 28 U.S.C. § 1332, which requires diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs. Plaintiffs have moved to remand the case to state court for failure to show that the jurisdictional amount is in controversy.

Plaintiffs have submitted post-removal stipulations stating that none of them individually seeks, demands, or will accept any recovery in excess of $75,000. To meet their burden of establishing that federal jurisdiction is proper, defendants rely on the statement of their counsel that their "experience with personal injury litigation" and the general descriptions of plaintiffs' alleged injuries in the complaint show that the amount in controversy requirement is satisfied. The court disagrees and grants the motion to remand.

Let's lay out the basic ground rules here. First, the parties seeking federal jurisdiction have the burden of showing that jurisdiction is proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Meridian Security Insurance Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006).

Second, the separate claims of the three plaintiffs may not be aggregated to satisfy the jurisdictional amount in controversy requirement. See *Clark v. Paul Gray, Inc.*, 306 U.S. 583, 588-89 (1939); *Scott v. Frazier*, 253 U.S. 243, 244 (1920); *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009). At least one of the claims must satisfy the requirement. If one does, the other related claims of the plaintiffs may be joined in one federal case under the supplemental jurisdiction statute, 28 U.S.C. § 1367. *Exxon Mobil Corp. v.*

*Allapattah Services, Inc.*, 545 U.S. 546, 549 (2005); *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928, 931 (7th Cir. 1996).[1]

Third, plaintiffs' post-removal stipulations to limit their claims are not binding or otherwise effective to defeat a removal that was proper at the time it occurred. *In re Shell Oil Co.*, 970 F.2d 355 (7th Cir. 1992); *Reason v. General Motors Corp.*, 896 F. Supp. 829, 832 (S.D. Ind. 1995). The stipulations and the motion to remand are sufficient, however, to put the burden on defendants to show that jurisdiction is proper. *Reason*, 896 F. Supp. at 834. Under current Seventh Circuit authority, the burden is on defendants in this situation to support with "competent proof" their assertion that the amount in controversy requirement is satisfied. *Meridian Security Insurance Co. v. Sadowski*, 441 F.3d at 543.

The pivotal question here is whether defense counsel's assertion based on "experience with personal injury litigation" is sufficient to meet defendants' burden of providing competent proof. The court finds that it is not. From defendants' response to the motion to remand, it is clear that the comparisons are not to other claims similar to these plaintiffs' claims but to a wide array of catastrophic

---

[1] On this latter point, the supplemental jurisdiction statute superseded the Supreme Court's earlier decisions in *Clark* and *Scott*. See *Stromberg Metal Works*, 77 F.3d at 931. This case does not present the sometimes metaphysical problem of deciding when different plaintiffs' claims are "unitary," in which case they might be aggregated. A spouse's claim in Indiana for loss of consortium is considered separate and distinct for purposes of determining the amount in controversy, see *Reason v. General Motors Corp.*, 896 F. Supp. 829, 834 (S.D. Ind. 1995), and the same reasoning applies to the claim of Harshey's son here.

personal injury cases. Defendants cite the following reported verdicts in Indiana state and federal courts:

> $2,730,000 for severe and permanent injuries including broken bones and a wound complication.
>
> $259,375 for medical malpractice injuring the laryngeal nerve.
>
> $550,000 for a lost eye.
>
> $1,210,000 for persistent post-operative pain.

Recognizing that none of these cases involved claims for electrical shocks delivered by an implanted medical device, defendants cite cases from other jurisdictions involving electrical shocks, but those cases involved heavy electrical equipment, not implanted medical devices. See *Campbell v. Cutler Hammer, Inc.*, 996 F.2d 1164 (11th Cir. 1993) ($600,000 verdict for bad burns received from 480 volts from electrical motor on construction site); *Wyrulec Co. v. Schutt*, 866 P.2d 756 (Wyo. 1993) (nearly $400,000 verdict for shock from electrical transmission wire carrying electricity to residence, which resulted in fall from roof, two fractured vertebrae, and corrective surgery to fuse five vertebrae). The one cited case involving an implanted medical device involved a claim for permanent brain damage. See *LeRay v. St. Paul Fire & Marine Ins. Co.*, 444 So.2d 1252 (La. App. 1983) ($3.6 million verdict where defective vena cava filter migrated to right lung causing oxygen deprivation to brain and permanent brain damage).

In short, the cited cases offer no meaningful guidance about the value of Kenneth Harshey's claim, about which the record shows very little. Assuming that comparisons to other cases can be used to satisfy the defendants' burden on the amount in controversy, see, *e.g.*, *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844-45 (7th Cir. 2009) (noting that plaintiffs had not pointed to similar cases with verdicts showing jurisdictional requirements would probably be met), citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Hart v. ConAgra Foods, Inc.*, 2007 WL 2286131 (S.D. Ind. 2007) (relying on allegations of damages in closely parallel cases to find that defendants met burden on amount in controversy), a much stronger showing of close similarity should be required. Personal injury cases are so individual and varied that the cases cited by defendants provide no valuable guidance on the question before the court — the amount in controversy for these plaintiffs' claims for injuries stemming from the asserted malfunction of the implanted medical device. Cf. *Castano v. American Tobacco Co.*, 84 F.3d 734, 746 n.23 (5th Cir. 1996) (collecting cases denying certification for personal injury classes because of insurmountable factual differences among individual plaintiffs' injuries and experiences).

If the court were to accept defendants' showing in this case, the result could be very troubling for similarly situated defendants and would tend to require courts to decide similar amount-in-controversy disputes based on speculation and guesswork. Recall that if it is clear from the outset that a case is removable, a defendant must decide whether to remove in no more than 30 days. 28 U.S.C.

§ 1446(b).  But if it is not clear, the defendant has up to one year to determine whether to remove, providing an opportunity for informal or formal discovery.  If the 30-day clock began to run based on nothing more than defense counsel's experience and information about cases as different as those cited by defendants in this case, the clock would run out quickly with little information to go on.

The better approach is to require more of a removing defendant and to give that defendant a reasonable opportunity to learn more about the scope of the plaintiff's claim.  This can be done quickly with a letter or more formal interrogatory or request for admission as to whether plaintiff is willing to state definitively that he seeks no more than $75,000, exclusive of interest and costs.  Direct answers, and even evasions and failures to respond, can give both defendants and federal courts a much stronger foundation for exercising federal jurisdiction than the guesswork and speculation that underlie the comparisons relied upon in this case.

Plaintiffs' motion to remand is granted.  The case is remanded to the Marion Superior Court from which it was removed.

So ordered.

Date: October 29, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

-7-

Copies to:

Douglas B. King
WOODEN & MCLAUGHLIN LLP
dking@woodmaclaw.com

Roy T. Tabor
TABOR LAW FIRM
rtabor@taborlawfirm.com

Jamie A. Young
WOODEN & MCLAUGHLIN LLP
jyoung@woodmaclaw.com